UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

SARA'S NAILS LLC,

      Debtor.

_____/

Case No. 24-00116-swd
Hon. Scott W. Dales
Chapter 11

MEMORANDUM OF DECISION AND ORDER

PRESENT: HONORABLE SCOTT W. DALES
      Chief United States Bankruptcy Judge

The Debtor is reportedly a limited liability company operating a nail salon in Grand Rapids, Michigan.   On January 17, 2024, it purported to file a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), bearing the signature of its "Secretary," Suong Nguyen, also identified as its "attorney."   (ECF No. 1).   The informality of the petition and schedules, which do not conform to the Official Forms,[1] prompted the Clerk to inquire whether Ms. Nguyen is a member of the bar, and therefore authorized to appear in federal court on behalf of an artificial entity, such as a limited liability company.

Ms. Nguyen is not a licensed attorney.   This fact, and the Supreme Court's opinion in *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195, 113 S. Ct. 716, 717 (1993), prompted the court to issue its Order to Show Cause dated January 17, 2024 (ECF No. 5), which directed the Debtor to show cause why the court should not either appoint a trustee under § 1104 of the Bankruptcy Code or convert or dismiss the case under § 1112.

---

[1] Ms. Nguyen did not use the official form for the Debtor's chapter 11 petition (or for its schedules and other statements).   *See* Fed. R. Bankr. P. 9009 (generally requiring use of official forms).

In its Order to Show Cause, the court cited *Rowland* for the rule that "the law permits corporations … and other artificial entities … to appear in federal courts only through licensed counsel."   Order to Show Cause at p. 1.   More practically, the court observed that without counsel, it would likely be impossible for the Debtor, as an artificial entity, to perform most of the tasks that the Bankruptcy Code (and Rules) require of a debtor-in-possession.   So, even if a non-attorney agent of an artificial entity may *file* a petition without practicing law, virtually every other step directed at the court on the entity's behalf likely amounts to the practice of law or requires an appearance in federal court, necessitating the involvement of counsel.   *In re: Terrace Housing Assocs., Ltd.*, No. BR 15-13368-MDC, 2023 WL 7030051, at *11 (Bankr. E.D. Pa. Oct. 25, 2023) (collecting cases on issue of whether *pro se* petition of non-natural person is a nullity resulting from unauthorized practice of law but rejecting nullity line of cases).

Before the hearing on the Order to Show Cause, the United States Trustee ("UST") filed the United States Trustee's Motion Requesting the Dismissal of This Case or Conversion to Chapter 7 (ECF No. 11, the "Motion"), also citing § 1112 and echoing many of the court's concerns.   The UST also expressed concerns regarding the existence of insurance because the Debtor had yet to provide proof of the same.   The court held an expedited hearing on the Motion on January 29, 2024, in Grand Rapids, Michigan.   The UST appeared through counsel, Michael V. Maggio, Esq.; the Debtor did not formally appear, though Ms. Nguyen and Mr. Trent Francke, who described himself as a creditor and Ms. Nguyen's long-time friend, attempted to speak for the Debtor.

The chapter 11 petition and other documents filed with the petition identify Ms. Nguyen variously as the Debtor's "Secretary," its "attorney-in-fact," its "attorney" and the "creditor representative" of the Debtor's largest creditor, Nails Service at Knapps Crossing.   The non-

standard statement of financial affairs ("SOFA") lists Tan N. Truong as the Debtor's "President" and perhaps the sole member of the limited liability company -- the court's inference based on the floating "100%" next to his name on the SOFA at line 28.   During the hearing, Ms. Nguyen described Mr. Truong as her "former boyfriend," and the Debtor's "absentee" owner who now is a chicken farmer in Georgia.   The SOFA, however, identifies him as having the same address in Grand Rapids that serves as the Debtor's principal place of business.[2]

Separately, the UST requested an opportunity to review the proof of insurance that Ms. Nguyen and Mr. Francke said they could procure from the Debtor's insurance agent, and the court reluctantly agreed to adjourn the hearing for a few hours.   When the court reconvened, counsel for the UST reported that the Debtor provided proof of insurance, removing the urgency that prompted him to file the Motion.   Counsel for the UST also reported that Ms. Nguyen and Mr. Francke were scheduled to meet with an attorney whom the Debtor might retain as counsel in connection with this case.[3]

Under the circumstances, the UST asked to adjourn the hearing on his Motion to allow the court to hear it in conjunction with the return hearing on the court's Order to Show Cause, on February 14, 2024.   At the adjourned hearing, only the UST appeared.

During the hearing, counsel for the UST focused on establishing "cause" under § 1112(b)(4), easily persuading the court to find cause in the Debtor's failure to retain counsel.

The Bankruptcy Code provides that, absent unusual, specifically described circumstances, "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court

---

[2] The Michigan Secretary of State's website lists Mr. Truong as the Debtor's resident agent in Grandville, MI.   *See* https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSearchFormList.aspx?SEARCH_TYPE=3; Fed. R. Evid. 201.
[3] That attorney ultimately declined to represent the Debtor in connection with this case.   *See* ECF No. 16 (letter from Martin L. Rogalski, Esq., dated January 30, 2024).

determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

The first issue the court must address in responding to any motion under § 1112(b) is whether there is "cause" for granting relief. To do this, the court consults the non-exclusive examples of "cause" listed in the statute. *Id*. § 1112(b)(4). Assuming the court finds cause, the second issue is what form of relief is in the best interests -- not of the Debtor -- but of the creditors and the estate. *Id*. § 1112(b)(1). Ultimately, the court must choose either the appointment of a fiduciary (trustee or examiner), conversion to chapter 7, or dismissal.

Here, as the court predicted in its Order to Show Cause, the Debtor's failure to retain counsel constitutes "cause" under § 1112(b)(4). Although attempting to prosecute a chapter 11 proceeding on behalf of a non-individual debtor without counsel is not among the statutory examples of "cause" under § 1112(b)(4), the list is not exclusive, as we know from Congress's use of the word "includes" to introduce the enumeration. 11 U.S.C. § 1112(b)(4) ("the term 'cause' includes . . ."); *id.* § 102(3) ("In this title . . . 'includes' and 'including' are not limiting"). Under the circumstances, the court finds cause under § 1112(b)(4) in the Debtor's inability to appear in court through counsel, which evinces "gross mismanagement" of the estate. *Id.* § 1112(b)(4)(B).

Every successful chapter 11 proceeding starts with a flurry of so-called "first day motions" usually seeking authority to use cash collateral under § 363, obtain financing under § 364, pay employees on account of prepetition wages (at least up to priority limits under § 507(a)(4)), address utility issues under § 366, or other relief paving the road to confirmation. Later in a case, the debtor must file applications to retain various professionals.[4] Without counsel, an artificial entity

---

[4] Although the court may not ordinarily grant an application to retain counsel within 21 days after the petition date, it always permits artificial entities to appear in court through counsel before formal appointment, on the assumption that formal appointment will ensue in due course. Fed. R. Bankr. P. 6003(a) and Advisory Committee Note (2011)

cannot take any of these steps which the court regards as prerequisites to fulling a debtor-in-possession's fiduciary duties. *See* LBR 9010-2(b); *Rowland*, *supra*. Here, because the Debtor was not represented at the hearing, it could not oppose the Motion, or even voice a preference for the appointment of trustee, the conversion of the case, or dismissal.   *See, e.g.*, Order dated February 2, 2024 (ECF No. 18) (denying Ms. Nguyen's motion to dismiss on the Debtor's behalf under *Rowland*).[5]  The Debtor did not respond to the Order to Show Cause.

Under the circumstances, the UST has established "cause" for relief under § 1112(b)(4)(B) and (E).

At the adjourned hearing, counsel for the UST vacillated between advocating for conversion or dismissal, ultimately suggesting that the court should simply "wash its hands" of the matter and leave the Debtor to its pre-filing *status quo*.   The court, similarly, expressed its own conflict concerning whether it should convert or dismiss this case, after ruling out the appointment of a chapter 11 trustee or examiner as likely too expensive and unwieldy.

Although the court worried aloud about saddling one of its valued chapter 7 panel trustees with what promises to be a difficult and potentially no-asset case, fidelity to the statute -- which directs the court to consider only the interests of creditors and the estate (not the burden on a panel trustee) -- counsels in favor of conversion rather than dismissal.

First, the unrepresented corporate Debtor is patently under the direction of two of its largest creditors -- Ms. Nguyen and Mr. Francke -- who evidently collaborated to put the Debtor in a chapter 11 proceeding without counsel and without the usual formalities involved in such a proceeding.   In a highly unusual maneuver for this district, a ballot report probably prepared by

---

("Nothing in this rule prevents a professional from representing the trustee or a debtor in possession pending the approval of an application for the approval of employment under Rule 2014.").

[5]  The record also contains a motion to dismiss evidently signed by Mr. Truong, *pro se*, but on his own behalf (ECF No. 20).   Today's decision renders that motion moot.

Mr. Francke or Ms. Nguyen, demonstrating universal acceptance of the supposed reorganization plan that they likely also authored, accompanied the petition, heedless of the disclosure and solicitation requirements of § 1125.

Moreover, the Clerk advises that the person who paid the chapter 11 filing fee in cash would not give his name to enable the Clerk to issue a receipt, although Ms. Nguyen's ill-fated dismissal motion sought a refund of that money.[6]

The list of 20 largest creditors also piques the court's interest.   Admittedly informal, the list suggests that the Debtor owes the U.S. Small Business Administration ("SBA") $1,187,300 for a "Covid loan," the second largest claim behind the claim of Nails Service at Knapps Crossing for $1,446,665 -- an entity for which Ms. Nguyen is listed as "creditor contact."   That same list identifies Mr. Francke as the "creditor contact" for Catalyst Marketing Group (with a claim in the amount of $173,400), in addition to a claim on his own account for $6,100 in furniture repairs.

At the initial hearing, Mr. Francke explained that Ms. Nguyen's "general partnership" with 19 partners provides services to the Debtor, suggesting that the Debtor may not have employees. It also appears from the Debtor's other filings that the Debtor leases its business premises.

Although the court's experience with nail salons is rather limited, there looks to be an inordinate amount of debt for a personal service business that operates from a single, rented storefront and has no employees.   Moreover, the evidently dominant role of two of the Debtor's largest creditors in filing this proceeding and attempting to appear on the Debtor's behalf may warrant a trustee's investigation, perhaps implicating chapter 5 scrutiny of prepetition transfers. Additionally, the description (provided during the January 29, 2024, hearing) of the Debtor's owner (Mr. Truong) as an "absentee" owner residing in Georgia who was somehow able to file

---

[6] For decades, Judicial Conference policy has generally forbidden courts from refunding filing fees.   *See* Proceedings of the JCUS-SEP 49, p. 202; JCUS-SEP 48, pp. 30-31.   The fee is earned when the petition is filed.

with the Clerk two motions "over the counter" (seeking dismissal (ECF No. 20) and a 60 day continuance of the dismissal hearing (ECF No. 21)),[7] coupled with the irregular "General Power of Attorney" in which Ms. Nguyen (as "undersigned claimant") appoints herself as attorney-in-fact, perhaps for Mr. Truong, perhaps for the Debtor, perhaps for herself and other creditors (ECF No. 1 at p. 6), suggests that an independent inquiry into the Debtor's circumstances may be in order.

The court is not stating that it smells a rat, only that it has caught a whiff of something irregular, too acrid to eschew further review. With apologies to the UST, the court is unwilling to simply "wash its hands" of this matter at this point in the case, without answers to questions that a trustee typically asks. There may be innocent explanations to assuage the court's concerns, and by converting the case, the court will give the panel trustee the opportunity to seek, and Messrs. Francke and Truong and Ms. Nguyen to provide, those explanations.

During the hearing, the UST suggested that a conversion to chapter 7 would effectively condone the unauthorized practice of law, given the need for the Debtor to participate in the first meeting of creditors through non-attorney agents. The court disagrees, and notes that the rules provide a practical answer to the issue the UST raised:

> When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control….

---

[7] Mr. Truong's Request for Continuance (ECF No. 21) implausibly explains that the "diligent effort" to obtain bankruptcy counsel "has been consistently met with the response that all bankruptcy attorneys in the Grand Rapids area have been inundated with new clients" resulting from "an inordinate number of pending and current filings in unusually large numbers." This does not square with the court's recent experience with case filings.

Fed. R. Bankr. P. 9001(5) (defining "debtor" in corporate context).   If the chapter 7 trustee or UST needs to compel the Debtor's attendance at the first meeting of creditors or for a Bankruptcy Rule 2004 examination, this rule puts a significant arrow in their quivers.   Because of Ms. Nguyen's involvement in this proceeding and professed role in the Debtor's affairs, she is an appropriate person for the court to designate under Bankruptcy Rule 9001(5).

Having carefully considered the record, the court finds "cause" under § 1112(b)(4), and further, that conversion (rather than dismissal) will better serve the interests of the estate and the creditors.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

(1) the Motion (ECF No. 11) is GRANTED, and the case is CONVERTED to a case under chapter 7;

(2) the United States Trustee shall promptly appoint a trustee to take charge of the property of the estate and otherwise administer the case;

(3) pursuant to Bankruptcy Rule 9001(5), Suong Nguyen shall be the person responsible to perform the Debtor's duties under 11 U.S.C. §§ 341, 521, and similar duties;

(4) the Debtor and Ms. Nguyen shall:

    a.   forthwith turn over to the chapter 7 trustee all records and property of the estate under their custody and control, as required by Bankruptcy Rule 1019(4);

    b.   file an accounting of all receipts and distributions made, together with a schedule of all unpaid debts incurred after the commencement of the chapter 11 case, as required by Bankruptcy Rule 1019(5)(A); and

c.   file a matrix listing all parties entitled to notice and shall file the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b) within fourteen (14) days after entry of this Order.

IT IS FURTHER ORDERED that the motion to dismiss entered at ECF No. 20 is DENIED WITHOUT PREJUDICE AS MOOT.

IT IS FURTHER ORDERED the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Ms. Nguyen and the Debtor (by First Class U.S. Mail), the list of 20 Largest Creditors, the United States Trustee, and all persons requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 16, 2024**



Scott W. Dales
United States Bankruptcy Judge